IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH SCHANBACHER, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 02-4687 |
| FRANKFORD HOSPITAL INC., | : | |
| JEFFERSON HEALTH SYSTEM d/b/a | : | |
| FRANKFORD HOSPITAL, BUCKS | : | |
| COUNTY CAMPUS, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Frankford Hospital Inc., Jefferson Health System d/b/a Frankford Hospital, Bucks County Campus ("Frankford" or "Defendant"), by and through its undersigned counsel, hereby responds to the Complaint of plaintiff Ruth Schanbacher ("Plaintiff" or "Schanbacher") as follows:

**I.   PRELIMINARY STATEMENT**

1. Denied, except that Frankford admits that Plaintiff's Complaint purports to set forth a preliminary statement requesting relief against Defendant.

**II.   JURISDICTION**

2. Denied, except that Frankford admits that Plaintiff's Complaint purports to set forth claims under Title VII as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., the Age Discrimination in Employment Act of 1967, as amended, ("ADEA"), 29 U.S.C. § 621 et seq., the Pennsylvania Human Relations Act

("PHRA"), 43 P.S. § 951, et seq., the Pennsylvania Constitution, Article I § 28, and the common law of the Commonwealth of Pennsylvania.

    3.    Denied, except that admitted only that Plaintiff purports to invoke jurisdiction under the referenced statutes.

    4.    To the extent paragraph 4 states conclusions of law, no responsive pleading is required, and they are therefore denied. Frankford admits that the document attached to the Complaint as Exhibit A is a copy of the Right to Sue letter issued by the Equal Employment Opportunity Commission ("EEOC"). This document is in writing and speaks for itself and any attempt to characterize it is denied.

    5.    Denied. To the extent paragraph 5 states conclusions of law, no responsive pleading is required, and they are therefore denied.

    6.    Denied, except that Frankford admits the Plaintiff's Complaint purports to seek relief pursuant to 28 U.S.C. §§ 2001 and 2002 and Title VII, as amended by the Civil Rights Act of 1991; the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 962 and the Pennsylvania Constitution.

    7.    Denied. To the extent paragraph 7 states conclusions of law, no responsive pleading is required, and they are therefore denied.

    8.    Denied. Paragraph 8 states conclusions of law to which no responsive pleading is required, and they are therefore denied.

**III.    VENUE**

    9.    Denied. To the extent paragraph 9 states conclusions of law, no responsive pleading is required, and they are therefore denied.

**IV.    PARTIES**

    10.    Admitted based upon information and belief.

      11.     Admitted.

**V.**     **FACTS**

      12.     Denied, except that it is admitted only that Frankford acquired the Delaware Valley Medical Center, and Plaintiff became a Frankford employee effective March 10, 1999.

      13.     Admitted.

      14.     Denied that Carole Medoff ("Ms. Medoff") turned her back on Plaintiff and faced the wall. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and the same are therefore denied.

      15.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and the same are therefore denied.

      16.     Admitted.

      17.     Denied, except that Frankford admits that the document attached to the Complaint as Exhibit B is a copy of a letter dated November 9, 2000 from Rosemarie Lamalfa. This document is in writing and speaks for itself and any attempt to characterize it is denied.

      18.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and the same are therefore denied.

      19.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and the same are therefore denied.

20. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and the same are therefore denied.

21. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and the same are therefore denied.

22. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and the same are therefore denied.

23. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and the same are therefore denied.

24. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and the same are therefore denied.

25. Denied.

26. Denied, except that Defendant admits only that on or about January 10, 2001 Ms. Medoff talked to Plaintiff about Plaintiff possibly not returning to work when her FMLA leave expired.

27. Denied, except that Defendant admits only that on or about January 10, 2001 Ms. Medoff talked to Plaintiff.

28. Denied, except that Defendant is without knowledge or information sufficient to form a belief as to whether the Plaintiff telephoned Ms. Medoff on January 16, 2001

and therefore denies that allegation along with all of the other allegations contained in paragraph 28.

29. Denied that Ms. Medoff made assurances to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and the same are therefore denied.

30. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and the same are therefore denied.

31. Denied, except that Defendant admits only that the document attached to the Complaint as Exhibit C is a copy of a calendar titled April 2001. This document is in writing and speaks for itself and any attempt to characterize it is denied.

32. Denied, except that Defendant admits only that Ms. Medoff talked with Plaintiff on or about April 13, 2001 and reaffirmed that Plaintiff's job was eliminated.

33. Denied.

34. Denied.

35. Denied, except that Defendant admits only that Plaintiff's job in the pre-admission testing unit was a desk job and that Plaintiff and Mr. Krouse discussed that she should apply for a job that she could perform with or without a reasonable accommodation.

36. Denied. To the extent paragraph 36 states conclusions of law, no responsive pleading is required, and they are therefore denied. To the extent the allegations in paragraph 36 could be construed as factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and the same are therefore denied.

37. Denied. To the extent paragraph 37 states conclusions of law, no responsive pleading is required, and they are therefore denied. To the extent the allegations in paragraph 37 could be construed as factual, they are denied.

38. Denied, except that Defendant admits only that Plaintiff was not allowed to return to work in the Pre-Admission Testing Unit as her job had been eliminated.

39. Denied.

40. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and the same are therefore denied.

41. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and the same are therefore denied, except it is admitted only that Nancy Cerone received a message from the Plaintiff but did not speak with her.

42. Denied, except that Defendant admits only that Plaintiff was earning approximately $ 52,000 annually plus benefits..

43. Denied. To the extent paragraph 37 states conclusions of law, no responsive pleading is required, and they are therefore denied.

44. Denied.

## VI. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION
(Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.)

45. Defendant incorporates herein its responses to 1 through 44 above as if set forth in full.

46. Denied, except that Defendant admits only that Plaintiff did not return to work at the end of her Family and Medical Act leave.

47. Denied.

### B. SECOND CAUSE OF ACTION
### (Age Discrimination under ADEA, 29 U.S.C. § 2000 et seq.)

48. Defendant incorporates herein its responses to 1 through 47 above as if set forth in full.

49. Denied.

50. Denied.

51. Denied.

### C. THIRD CAUSE OF ACTION
### (Discrimination under ADA, 42 U.S.C. § 12101 et seq.)

52. Defendant incorporates herein its responses to 1 through 51 above as if set forth in full.

53. Denied.

54. Denied.

### D. FOURTH CAUSE OF ACTION
### (Sex Discrimination under Title VII, 42 U.S.C. § 2000 et seq.)

55. Defendant incorporates herein its responses to 1 through 54 above as if set forth in full.

56. Denied.

57. Denied.

58. Denied.

### E. FIFTH CAUSE OF ACTION
### (Sex Discrimination under 42 P.S. § 955(a) et seq.)

59. Defendant incorporates herein its responses to 1 through 58 above as if set forth in full.

60. Denied.

61. Denied.

62. Denied.

### F. SIXTH CAUSE OF ACTION
### (Pennsylvania Constitution Article I § 28)

63. Defendant incorporates herein its responses to 1 through 62 above as if set forth in full.

64. Denied.

### G. SEVENTH CAUSE OF ACTION
### (Violation of Contract)

65. Defendant incorporates herein its responses to 1 through 64 above as if set forth in full.

66. Denied.

## VII. PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiff on all causes of action and that it be awarded costs of suit and whatever further relief as this court deems appropriate.

### DEFENDANT'S AFFIRMATIVE DEFENSES TO COMPLAINT

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of estoppel and/or judicial estoppel.

## FOURTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of laches, waiver and/or unclean hands.

## FIFTH DEFENSE

Defendant's employment decisions with respect to Plaintiff were made for legitimate, non-discriminatory reasons unrelated to Plaintiff's age, sex, pregnancy or alleged disability.

## SIXTH DEFENSE

Plaintiff was treated at all times in a legitimate non-discriminatory manner.

## SEVENTH DEFENSE

Plaintiff is not entitled to some or all of the relief sought.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate all or some of her alleged damages.

## NINTH DEFENSE

This Court lacks jurisdiction over Plaintiff's claims made under state law.

## **TENTH DEFENSE**

Plaintiff has failed to exhaust administrative remedies as required by law.

Defendant Frankford Hospital reserves the right to add one or more of the affirmative defenses listed in Federal Rule of Civil Procedure 8(c) and 12(b) if facts are discovered to support an additional defense.

Respectfully submitted,

_____
Susan K. Lessack (I.D. No. 53170)
Maureen Q. Dwyer (I.D. No. 87440)
Pepper Hamilton LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312-1183

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH SCHANBACHER, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 02-4687 |
| FRANKFORD HOSPITAL INC., | : | |
| JEFFERSON HEALTH SYSTEM d/b/a | : | |
| FRANKFORD HOSPITAL, BUCKS | : | |
| COUNTY CAMPUS, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date shown below I caused a copy of Defendant's Answer to Plaintiff's Complaint to be served by first class mail, postage prepaid, upon Plaintiff at the following address.

>Charles S. Silver, Esquire
>Silver and Sperling
>107 North Broad Street
>Doylestown, PA  18901
>
>Attorney for Plaintiff

Dated: October 14, 2002         _____
                                Susan K. Lessack